**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcus CHATMAN, Defendant–Appellant.**

**No. 14–11300**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 24, 2015.

Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Stephen M. Kunz, As-

sistant U.S. Attorney, Herbert Stanley Lindsey, U.S. Attorney's Office, Tallahassee, FL, Pamela C. Marsh, U.S. Attorney's Office, Gainesville, FL, for Plaintiff–Appellee.

David Anthony Wilson, Law Offices of David A. Wilson, Ocala, FL, Marcus Chatman, FCI Coleman Medium–Inmate Trust Fund, Coleman, FL, for Defendant–Appellant.

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Marcus Chatman appeals his 180–month prison sentence, imposed after a jury convicted him of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Chatman argues the district court erred by sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a), based on his prior convictions for possession with intent to sell cocaine, in violation of Florida Statutes § 893.13(1). Chatman contends his prior § 893.13 convictions do not qualify as ACCA-predicate "serious drug offense[s]" under § 924(e)(2)(A)(ii) because they lack a *mens rea* requirement.[1] Chatman's sole argument on appeal is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264, 1267–68 (11th Cir.2014), which held convictions for possession with intent to sell a controlled substance, in violation of § 893.13(1), qualify as "serious drug of-

fense[s]" under § 924(e)(2)(A)(ii). We therefore affirm.

**AFFIRMED.**

---

1. We review de novo whether a prior conviction qualifies as an ACCA "serious drug offense." *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir.2009).